**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**


| | |
|---|---|
| **ELECTRONIC FRONTIER FOUNDATION**<br>1818 N Street, N.W.<br>Suite 410<br>Washington, DC 20036,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**DEPARTMENT OF JUSTICE**<br>950 Pennsylvania Avenue, N.W.<br>Washington DC 20530,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §

552.  Plaintiff Electronic Frontier Foundation seeks injunctive and other appropriate relief

for the processing and release of agency records requested by plaintiff from defendant

Department of Justice's component, the Federal Bureau of Investigation.  Specifically,

plaintiff seeks disclosure of records concerning three provisions of the Foreign

Intelligence Surveillance Act ("FISA") that initially were scheduled to expire on

December 31, 2009, and which Congress has reauthorized until February 28, 2011.

### Jurisdiction and Venue

2.  This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has

jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district

under 5 U.S.C. § 552(a)(4)(B).

**Parties**

3. Plaintiff Electronic Frontier Foundation ("EFF") is a not-for-profit corporation

established under the laws of the State of California, with offices in San Francisco,

California and Washington, DC.  EFF is a donor-supported membership organization that

works to inform policymakers and the general public about civil liberties issues related to

technology, and to act as a defender of those liberties.  In support of its mission, EFF uses

the FOIA to obtain and disseminate information concerning the activities of federal

agencies.

4.  Defendant Department of Justice ("DOJ") is a Department of the Executive

Branch of the United States Government.  DOJ's components include the Federal Bureau

of Investigation ("FBI").  DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f).

**The Expiring Provisions of FISA and Congress' Pending
Consideration of Their Reauthorization**

5.  In a letter to Senate Judiciary Committee Chairman Patrick J. Leahy dated

September 14, 2009, Assistant Attorney General Ronald Weich conveyed defendant

DOJ's "recommendations on the three provisions of the Foreign Intelligence Surveillance

Act ('FISA') currently scheduled to expire on December 31, 2009."  Mr. Weich indicated

that the Department sought the reauthorization of the three provisions, specifically:

Roving Wiretaps (USA PATRIOT Act Section 206); "Business Records" (USA

PATRIOT Act Section 215); and "Lone Wolf" (Intelligence Reform and Terrorism

Prevention Act of 2004 Section 6001) (hereinafter, "the three provisions").

6.  The reauthorization of the three provisions was the subject of substantial

public debate through the Fall of 2009 and Winter of 2010, reflected by substantial media

coverage and multiple hearings held by the relevant Congressional committees to debate

the effectiveness and potential abuse of the three provisions, and to weigh possible civil

reforms to those provisions and other provisions of the USA PATRIOT Act to better

provide oversight and protect civil liberties.  *See, e.g.,* Charlie Savage, *Battle Looms Over*

*the Patriot Act*,  N.Y. TIMES, Sept. 19, 2009, available at http://www.nytimes.com/

2009/09/20/us/politics/20patriot.html (describing controversy over the USA PATRIOT

Act and previewing the House and Senate committee hearings on the matter).

Numerous bills reflecting a variety of positions on the three provisions were introduced

in both the House and Senate.  *Compare, e.g.*, The Judicious Use of Surveillance Tools in

Counterterrorism Efforts ("JUSTICE" Act), S. 1686, introduced Sept. 17, 2009 (renewing

PATRIOT Sections 206 and 215 but not IRTPA Section 6001, and adding substantial

new procedural protections against abuse of the reauthorized sections) and The USA

PATRIOT Reauthorization Act of 2009, S. 2336, introduced Oct. 29, 2009 (renewing all

three provisions until 2013 without substantial modification).

      7.  In late 2009, both the House and Senate Judiciary Committees recommended

bills (H.R. 3845 and S. 1692) that would reauthorize the three provisions subject to

various reforms, but not in time for the House and Senate leadership to be able to

negotiate the differences between the bills and reauthorize the three provisions prior to

the December 31st deadline.  Congress therefore passed a temporary extension

reauthorizing the three provisions without any modifications for an additional three

months, until Feb. 28, 2010, *See* Pub.L. 111-118, Div. B, § 1004(a), Dec. 19, 2009, 123

Stat. 3470.  When it became clear that the debate over health care and other pressing

issues would prevent the House and Senate from agreeing on what PATRIOT reforms

should be included in a final reauthorization bill before that new deadline, the three

provisions were reauthorized for an additional year, until Feb. 28, 2011. *See* Pub.L. 111-141, §1(a), Feb. 27, 2010, 124 Stat. 27. Therefore, the debate over reauthorization and reform of the three provisions is not yet over but rather will soon be coming up again in Congress, and this suit seeks disclosure of records related to the three provisions that may help inform that debate.

### Plaintiff's FOIA Request and the FBI's Failure to Timely Respond

8. By letter sent by facsimile to the FBI on September 25, 2009, plaintiff requested under the FOIA the following FBI records created since January 20, 2009:

> 1) all records (including but not limited to FBI communications with other Justice Department components) discussing or reflecting the Bureau's assessment of the effectiveness of the three provisions; and

> 2) all records discussing or reflecting any instances in which the use of the authorities granted in the three provisions were deemed to be possibly unlawful or contrary to Executive order or Presidential directive, including but not limited to matters that were considered for referral to the Intelligence Oversight Board.

9. In its letter to the FBI referenced in ¶ 8, plaintiff requested "expedited processing" of its FOIA request pursuant to 28 C.F.R. § 16.5(d)(1)(ii) on the ground that the request "pertains to information about which there is '(a)n urgency to inform the public about an actual or alleged federal government activity,' and it is 'made by a person primarily engaged in disseminating information.'"

10. On information and belief, the FBI received plaintiff's letter described in ¶ 8 on September 25, 2009.

11. By two letters to plaintiff dated October 21, 2009, the FBI acknowledged receipt of plaintiff's FOIA request and informed plaintiff that its "request for expedition has been approved."

12.  By letter to plaintiff dated January 19, 2010, the FBI stated, *inter alia*, that "[t]he purpose of this letter is to advise you of the status of your pending [FOIA] request . . . ." The letter further stated that "the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request," and that "[o]nce your files have been evaluated as potentially responsive, your request will be forwarded to the 'perfected backlog,' where your request will wait for assignment to an analyst."

13.  By letter to plaintiff dated April 22, 2010, the FBI provided to plaintiff what appears to be a form "status" report on plaintiff's pending FOIA request which is identical in its content to the FBI's letter dated January 19, 2010, which is described in ¶ 12.

14.  To date, the FBI has not disclosed agency records responsive to plaintiff's FOIA request.

15.  Notwithstanding its representation that it "approved" plaintiff's request for "expedited processing" more than six months ago, the FBI has violated the applicable 20 working day statutory time limit for the processing of routine, non-expedited FOIA requests.

16.  Plaintiff has exhausted the applicable administrative remedies.

17.  Defendant DOJ and its component the FBI have wrongfully withheld the requested records from plaintiff.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

18.  Plaintiff repeats and realleges paragraphs 1-17.

19.  Defendant DOJ and its component the FBI have wrongfully withheld agency records requested by plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

20.  Plaintiff has exhausted the applicable administrative remedies with respect to the wrongful withholding of the requested records by defendant DOJ and its component the FBI.

21.  Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A. order defendant DOJ and its component the FBI to process immediately the requested records in their entirety;

B. order defendant DOJ and its component the FBI, upon completion of such processing, to disclose the requested records in their entirety and make copies available to plaintiff;

C. provide for expeditious proceedings in this action;

D. award plaintiff its costs and reasonable attorneys fees incurred in this action; and

E. grant such other relief as the Court may deem just and proper.

Respectfully submitted,


*/s/ David L. Sobel*
DAVID L. SOBEL
D.C. Bar No. 360418

Electronic Frontier Foundation
1818 N Street,  N.W.
Suite 410
Washington, DC 20036
(202) 797-9009

MARCIA HOFMANN
D.C. Bar No. 484136
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, CA 94110
(415) 436-9333

Counsel for Plaintiff